## NOCATEE CRATE CO. v. ATLANTIC COAST LINE R. CO.

Circuit Court of Appeals, Fifth Circuit.
June 13, 1928.

No. 5267.

Carriers ⊕189—Higher rate on logs under six feet held applicable to shipment of short logs, though lower rate was prescribed for logs generally.

Where railroad's tariffs afforded one rate for logs under six feet in length and another cheaper rate for logs without qualification as to length, applying to movements for less than 170 miles, higher rate was applicable to carload shipments of short logs, 51 to 57 inches in length, shipped for distance of 150 miles.

Appeal from the District Court of the United States for the Southern District of Florida; Lake Jones, Judge.

Action by the Nocatee Crate Company against the Atlantic Coast Line Railroad Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Fred T. Saussy, of Tampa, Fla., and Chas. E. Donnelly, of Savannah, Ga. (Watson & Saussy, of Tampa, Fla., on the brief), for appellant.

T. Paine Kelly, of Tampa, Fla. (J. W. B. Shaw, of Tampa, Fla., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Appellant made a number of shipments in carload lots, loaded in box cars, of short logs, 51 to 57 inches long, from various points in Florida to Nocatee, Fla., all within a distance of 150 miles. There were two rates shown in appellee's tariffs, one on logs under 6 feet in length, and one on logs, except cedar, with no qualification as to length, applying only to movements of less than 170 miles. Both rates applied to carload shipments and varied according to distance. Appellant paid the freight at the rates on short logs, which was the higher, and, contending that it was entitled to the lower rates on logs generally, brought this suit to recover the overcharges. Error is assigned to the action of the court in directing a verdict for defendant.

We find nothing ambiguous in the tariffs, nor inconsistent in the two rates. The short log rate applied to a commodity easily distinguishable from logs generally and requiring different equipment and handling. There is no doubt of the validity of the rate, and we are not concerned with the question as to whether it is too high. The record presents no reversible error.

Affirmed.